THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00051-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JACOB KEITH HALL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Sentence Reduction Based on Changes in the Sentencing Guidelines under Criminal History Enhancement and Request for Counsel to Represent Me" [Doc. 41].

The Defendant Jacob Keith Hall pled guilty to one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). [Doc. 20]. A Presentence Report (PSR) was prepared in advance of sentencing. In the PSR, the probation officer determined that the Defendant's prior convictions resulted in 12 criminal history points. [Doc. 29: PSR at ¶ 50]. Two criminal history points were added due to the fact that the Defendant was under a criminal justice sentence when the instant offenses were committed. [Id. at ¶ 51]. Accordingly, the probation officer determined

that the total number of criminal history points was 14, resulting in a criminal history category of VI. [Id. at ¶ 52]. On December 2, 2021, the Court sentenced the Defendant to a total term of 42 months' imprisonment. [Doc. 37 at 2].

The Defendant now moves for a reduction of his sentence pursuant to Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 41].

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2021). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 now provides for the addition of only one criminal history point and applies only to defendants with seven or more criminal history points who committed the offense of conviction while under a criminal justice sentence. See U.S.S.G. § 4A1.1(e) (2023).

Here, the Defendant had two additional status points added because the Defendant had committed the offenses of conviction while under a criminal justice sentence, resulting in a total criminal history score of 14 and

2

a criminal history category of VI. [Doc. 29: PSR at ¶¶ 50-52]. The revision to § 4A1.1 would result in only one status point being added, resulting in a total criminal history score of 13. See U.S.S.G. § 4A1.1(e) (2023). However, a criminal history score of 13 still establishes a criminal history category of VI. As such, Part A of Amendment 821 has no impact on the calculation of the Defendant's advisory guideline range. For all of these reasons, the Defendant's motion for a sentence reduction is denied.

The Defendant also seeks the appointment of counsel to represent him in seeking a sentence reduction. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). While the Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation, see 18 U.S.C. § 3006A(a)(2)(B), the Court concludes that the interests of justice do not require the

appointment of counsel in this case.[1]  See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001)

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Sentence Reduction" [Doc. 41] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's request for the appointment of counsel [Doc. 41] is also **DENIED**.

**IT IS SO ORDERED.**

Signed: January 15, 2024

*[signature]*

Martin Reidinger
Chief United States District Judge

---

[1] The Court has entered an Order appointing counsel to represent defendants who have been identified by the United States Sentencing Commission as potentially eligible for relief under Amendment 821 to the Sentencing Guidelines.  See Standing Order, No. 1:23-mc-00020-MR (W.D.N.C. Nov. 1, 2023).  The Defendant, however, was not included in that list of potentially eligible defendants and therefore is not eligible for the appointment of counsel under that Standing Order.