THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00367-MR
(1:21-cr-00051-MR-WCM-1)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JACOB KEITH HALL, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Petitioner's failure to respond to the Court's Braxton Order [CV Doc. 2][1] and on the Petitioner's "Motion to Dismiss 922(g)(1) Pursuant to Range V. AG United States" [CV Doc. 1].

## I.   BACKGROUND

Petitioner pled guilty to one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of 42 months' imprisonment on December 2, 2021. The Court entered the Judgment on December 6, 2021. [CR Doc. 37].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:23-cv-00367-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:21-cr-00051-MR-WCM-1.

Petitioner did not appeal. On October 17, 2023, Petitioner moved the Court to dismiss his count of conviction, citing a recent decision of the Third Circuit Court of Appeals in Range v. Attorney General United States, 69 F.4th 96 (3d Cir. 2023). [CR Doc. 39; CV Doc. 1]. Because it appears that Petitioner seeks to challenge the legality of his conviction under 28 U.S.C. § 2255(a), the Court notified Petitioner pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize Petitioner's filing as an attempt to file a motion pursuant to 28 U.S.C. § 2255. [CR Doc. 40]. The Court advised Petitioner that his motion is untimely under § 2255(f)(1) and is subject to dismissal on that ground unless another subsection of § 2255(f) applies or Petitioner can demonstrate that equitable tolling should apply. [Id. at 3-4].

The Court ordered that Petitioner had 30 days in which to advise the Court whether he agrees or disagrees with this recharacterization of the pending motion as a motion to vacate pursuant to 28 U.S.C. § 2255. The Court advised that if Petitioner timely responded to the Court's Order and did not agree to have the motion recharacterized as one under § 2255, he was required to withdraw his motion. The Court further ordered that if Petitioner failed to respond or agreed to have the motion recharacterized as one pursuant to § 2255, the Court would consider the motion pursuant to § 2255

and consider it filed as of the date the original motion was filed. [Id. at 5]. Moreover, the Court ordered that if Petitioner agreed to have the motion considered as one filed pursuant to § 2255, the Court would require Petitioner to address in an amended and restated motion to vacate why his motion should not be dismissed as untimely, including any reasons why equitable tolling should apply. [Id. at 5 (citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002))].

Petitioner failed to comply with the Court's Castro Order or file an amended motion to vacate. The Court, therefore, construed Petitioner's "Motion to Dismiss 922(g)(1) Pursuant to Range V. AG United States" [CV Doc. 1] as a motion to vacate under 28 U.S.C. § 2255(a). Because Petitioner's motion to vacate appeared untimely as addressed in the Court's Castro Order, the Court granted Petitioner 20 days in which to explain why his claim should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion). The time to comply with the Court's Braxton Order has expired and Petitioner has not complied.

## II. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of Section 2255(f) on December 20, 2021, fourteen days after judgment was entered. See Fed. R. App. P. 4(b). Accordingly, the one-year period of limitations

4

under Section 2255 expired on December 20, 2022. Petitioner did not mail his Section 2255 motion to vacate until on or about October 12, 2023. [See CV Doc. 1 at 5; CR Doc. 1-1]. As such, it is untimely under § 2255(f)(1).

Additionally, Petitioner has not stated any grounds for the application of equitable tolling. To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

As such, Petitioner's claim is untimely under § 2255(f) and he has not shown that equitable tolling should apply. The Court will, therefore, dismiss Petitioner's motion to vacate.

## III. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 23, 2024

Martin Reidinger
Chief United States District Judge

7

Case 1:21-cr-00051-MR-WCM   Document 43   Filed 02/23/24   Page 7 of 7